Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001105
29-SEP-2017
10:27 AM

NO. CAAP-14-0001105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES MCDANIEL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0755(1))

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-14-0001105 FOR LACK OF APPELLATE JURISDICTION
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over Defendant-Appellant James McDaniel's (Appellant) appeal from the Honorable Rhonda I.L. Loo's June 18, 2014 Judgment of Conviction and Probation Sentence (Judgment) because Appellant's notice of appeal was untimely filed.

On April 11, 2014, in conjunction with a plea agreement with the Plaintiff-Appellee State of Hawaii (State) and with the advice of counsel, Appellant entered a plea of no contest to a single count of Theft in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-831(1)(b) in exchange for the dismissal of two other counts of Theft in the Second Degree.  On June 18, 2014, the Circuit Court sentenced Appellant to a four-year term of probation with special conditions, including one day of imprisonment, restitution, and community service.  Appellant was present at this sentencing hearing and made a presentence statement.  In announcing its sentence, the Circuit Court stated

the conditions of probation it was imposing.[1]  On July 23, 2014, Appellant met with his probation officer who presented him with the written conditions of probation.

On September 5, 2014, Appellant, *pro se*, filed a Notice of Appeal and tendered a Motion and Memorandum for an Extension of Time for the Individual Defendant to File Notice of Appeal (Motion).  In his Motion, Appellant claimed that he did not receive a copy of the "sentence" until July 23, 2014, and that the sentence was not in agreement with the plea offer.  It appears that this Motion was granted.

HRS § 641-11 (2016) provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of the court.  The sentence of the court in a criminal case shall be the judgment."  Theft in the Second Degree is a class C felony.  HRS § 708-831(2) (2014).  A person convicted of a class C felony may be imprisoned for up to 5 years.  HRS § 706-660 (2014).  Therefore, this is a criminal matter and the June 18, 2014 Judgment was an appealable judgment pursuant to HRS § 641-11.

A notice of appeal must be filed within 30 days of a final judgment.  See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(b).  An extension of time to file a notice of appeal may be granted "no later than 30 days after the time has expired . . . for a period not to exceed 30 days from the expiration of the time otherwise prescribed[.]"  HRAP Rule 4(b)(5).  In other words, Appellant could have received permission to file his notice of appeal up to sixty days after the June 18, 2014 Judgment.[2]  However, Appellant's Notice of Appeal was filed and his Motion was received by the Circuit Court on September 5,

---

[1]     The minutes of these proceedings state that Appellant "executed mandatory special conditions and copy of same given to [Appellant.]"

[2]     While the circuit court may have granted Appellant's motion for an extension of time to file a notice of appeal, it was not authorized to do so. Appellant's Motion was both untimely and sought an extension of time that exceeded the maximum allowed by the rule.  HRAP Rule 4(b)(5).

2014, seventy-nine days after entry of the June 18, 2014 Judgment, and was thus untimely.

Nevertheless, there are two recognized exceptions to the general requirement that a notice of appeal must be timely filed.

> In criminal cases, we have made exceptions to the requirement that notices of appeal be timely filed. Our recognized exceptions involve circumstances where: (1) defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the first instance; State v. Knight, 80 Hawai'i 318, 323-24, 909 P.2d 1133, 1138-39 (1996); or (2) the trial court's decision was unannounced and no notice of the entry of judgment was ever provided; State v. Ferreira, 59 Haw. 255, 580 P.2d 63 (1978).

State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998).

The failure to bring an appeal on a criminal defendant's behalf does not constitute ineffective assistance of counsel *per se*. Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994). Rather, essential to the claim of ineffective assistance of counsel is that the client has informed his or her attorney of this request. Castellanos, id, (remanding for a hearing on whether the request to appeal was made to counsel), and Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002) (affirming the habeas corpus court's credibility determination that the request was not communicated to counsel). Appellant concedes as much in his opening brief.

Here, Judgment was entered against Appellant after he had entered a no contest plea and immediately after he was present with counsel and engaged in a dialogue with the Circuit Court at sentencing. In response to an Order to Show Cause issued by this court, Appellant's counsel, Cary Virtue (counsel), stated that Appellant did not inform him that Appellant wished to appeal his sentence and that counsel was not aware of this appeal until he received the Order to Show Cause. In his Motion, Appellant stated that upon his receipt of the written copy of "the Sentence" on July 23, 2014, he "attempted to contact my attorney to initiate an appeal of the sentence. I was unable to make contact with the attorney . . . ." But Appellant did not explain why he was unable to do so. Thus, it appears that

3

Appellant did not request that counsel bring an appeal on Appellant's behalf.

Appellant has failed to even allege he communicated his desire to appeal to counsel and he has failed to establish that his counsel's failure to timely perfect his appeal was due to ineffective assistance. Thus, Appellant has failed to show that he falls within the exception to the requirement that a notice of appeal be timely filed due to ineffective assistance of counsel.

Therefore, this appeal is dismissed for lack of appellate jurisdiction, without prejudice to Appellant raising the issue of ineffective assistance of counsel in a petition under Hawai'i Rules of Penal Procedure Rule 40.

DATED: Honolulu, Hawai'i, September 29, 2017.


Chief Judge


Associate Judge


Associate Judge